# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DENNIS COOK AND ROBERT HABERMAN, individually and as representatives of the classes,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>RBS CITIZENS, N.A., d/b/a CITIZENS BANK,<br><br>　　　　　Defendant. | C.A. NO. 1:11-cv-00268-M-DLM<br><br>**PLAINTIFFS' RULE 16 STATEMENT** |

**NICHOLS KASTER, PLLP**
Kai Richter, MN Bar No. 0296545*
E. Michelle Drake, MN Bar No. 0387366*
80 South Eighth Street, Suite 4600
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
Email: krichter@nka.com
　　　　 drake@nka.com
*admitted pro hac vice*

AND

**MULLER LAW, LLC**
Chip Muller (#7686)
155 South Main Street, Suite 101
Providence, RI 02903
Telephone: (401) 256-5171
Facsimile: (401) 256-5178
Email: chip@chipmuller.com

**ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASSES**

Pursuant to the Court's Rule 16(b) Scheduling Conference Notice (ECF No. 34) in the above-referenced action, Plaintiffs submit the following Case Statement:

## I.     Procedural Background

Plaintiff Dennis Cook filed this putative class action lawsuit against Defendant RBS Citizens, N.A., d/b/a Citizens Bank ("Citizens") on July 1, 2011. *See ECF No. 1*. However, because Citizens chose to file multiple motions to dismiss (ECF Nos. 9, 23) and sought multiple extensions of time (*see, e.g., ECF Nos. 8, 14, 20, 28, 31*), litigation of the case has been delayed by nearly a year. These motions were an utter waste of time. On March 2, 2012, Citizens withdrew its second motion to dismiss and indicated that it would not contest the filing of Plaintiffs' Second Amended Complaint, which added Robert Haberman as a second named Plaintiff. *See ECF No. 29, 30*. To date, none of Plaintiffs' claims have been dismissed.

## II.    Factual Background[1]

Cook and Haberman both have home equity lines of credit ("HELOCs") with Citizens secured by property in a Special Flood Hazard Area ("SFHA"), and were required to purchase flood insurance by Citizens. Plaintiffs allege that Citizens violated their legal rights and the rights of the putative class members in two fundamental respects. First, Citizens unlawfully forced Plaintiffs and other putative class members to carry flood insurance on their property in amounts greater than required by law, greater than required by their borrower agreements, and greater than Citizens' financial interest in their property. Second, Citizens unfairly arranged for kickbacks, commissions, or other compensation for Citizens and/or its affiliates in connection with force-placed (also known as lender-placed) flood insurance.

---

[1] The facts relating to this class action lawsuit are set forth in Plaintiffs' Second Amended Complaint (ECF No. 32), and previously were discussed in Plaintiffs' Motion to Amend (ECF No. 26) and opposition to Citizens' second motion to dismiss (ECF No. 25-1).

1

### A.     Excessive Coverage Requirements

Under the National Flood Insurance Act ("NFIA" or "Act"), lenders are required to ensure that borrowers in SFHAs maintain flood insurance on their property. However, the Act does not require coverage in excess of the borrower's outstanding principal balance or available credit. *See* 42 U.S.C. § 4012a(b)(1); *see also Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d, 1116, 1126-27 (N.D. Cal. 2010). At the time Plaintiffs originated their HELOCs, they maintained flood insurance coverage on their property in an amount sufficient to meet the requirements of the NFIA and cover the amount of their available credit. This amount of coverage was deemed adequate by Citizens upon originating their HELOCs. However, several years later, Citizens sent them form letters suddenly claiming that they were required to carry full replacement cost coverage for their property (up to the National Flood Insurance Program limit of $250,000). Plaintiffs allege that this constituted an unlawful change of terms of their HELOCs in violation of the Truth-In-Lending Act ("TILA"), a breach of the terms of their mortgage agreements, a breach of the covenant of good faith and fair dealing, and a violation of their respective states' consumer protection statutes.[2]

### B.     Improper Kickbacks or Commissions

When Plaintiffs did not increase their coverage levels to meet this new and unjustified flood insurance requirement, Citizens force-placed coverage on their properties and charged the premiums to their accounts. This force-placed coverage was significantly more expensive than Plaintiffs' existing coverage. Moreover, the insurer that issued the policies, American Security Insurance Company ("ASIC"), paid a kickback or so-called "commission" to Citizens and/or its affiliates on the force-placed policies. Plaintiffs allege that this also constituted a breach of the covenant of good faith and fair dealing and a violation of state consumer protection law.

---

[2] Cook is a New York resident and Haberman is a Connecticut resident.

**III.    Legal Issues**

Citizens has no legitimate basis for defending these claims, as reflected by its abandonment of its most recent motion to dismiss.  Plaintiffs' excess coverage claims are virtually identical to the claims that their counsel successfully prosecuted in *Hofstetter* (cited above).  In that case, the court addressed (1) a TILA claim and state unfair business practices claim; (2) brought by two HELOC borrowers; (3) against a bank; (4) based on its practice of demanding excessive amounts of flood insurance.  Although the bank raised the same arguments that Citizens initially raised in its motions to dismiss, the court rejected those arguments, and held that the bank's mortgage agreements – providing for flood insurance "in the amounts and for the periods that [lender] require[s]" – did not give the bank *carte blanche* to change its flood insurance requirements after-the-fact and demand more coverage than required by the NFIA or necessary to protect its interests.[3]  The court later certified two nationwide classes and two statewide classes of borrowers, and shortly thereafter, the case was resolved on favorable terms.

Plaintiffs' kickback claims are also supported by caselaw.[4]  For example, in *Williams*, the court certified a class of Wells Fargo borrowers who were force placed with coverage of any kind (flood, hazard, or wind).  Moreover, the New York Department of Financial Services recently held three days of public hearings about force-placed insurance abuses, including these types of commission arrangements.[5]  "Early findings of the [NYDFS] investigation suggest that 15 percent or more of premiums collected by force-placed insurers flow to the banks through insurance agents affiliated with the banks." *Id.*

---

[3] *Accord*, *Gooden v. SunTrust Mortg., Inc.*, 2012 WL 996513 (E.D.Cal. Mar. 23, 2012); *Gustafson v. BAC Home Loans Servicing, L.P.*, No. SACV-11-915-JST (C.D.Cal. Apr. 12, 2012); *Wulf v. Bank of Am., N.A.*, 798 F. Supp. 2d 586, 591-94 (E.D. Pa. June 27, 2011); *Skansgaard v. Bank of Am., N.A.*, No. C11-988-RJB (W.D. Wash. Oct. 13, 2011).

[4] *See, e.g., McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 2012 WL 1029502 (N.D.Cal. Mar. 26, 2012); *Williams v. Wells Fargo Bank*, *N.A.*¸ 2011 WL 4901346, at *4-6 (S.D. Fla. Oct. 14, 2011).

[5] *See* www.dfs.ny.gov/about/press/pr1204051.htm.  A representative of ASIC testified at the hearings.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: May 23, 2012 | **NICHOLS KASTER, PLLP** |
|  | */s/ Kai Richter*<br>Kai Richter, MN Bar No. 0296545*<br>E. Michelle Drake, MN Bar No. 0387366*<br>80 South Eighth Street, Suite 4600<br>Minneapolis, MN 55402<br>Telephone: (612) 256-3200<br>Facsimile: (612) 215-6870<br>Email: krichter@nka.com<br>         drake@nka.com<br>**admitted pro hac vice* |
|  | AND |
|  | Chip Muller (#7686)<br>Muller Law, LLC<br>155 South Main Street, Suite 101<br>Providence, RI 02903<br>Telephone: (401) 256-5171<br>Facsimile: (401) 256-5178<br>Email: chip@chipmuller.com |
|  | **ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASSES** |

4

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 23, 2012, a copy of the forgoing *Rule 16 Statement* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                */s/ Kai Richter*
                Kai Richter