IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS COOK AND ROBERT
HABERMAN, individually and as
representatives of the classes,

       Plaintiffs,

v.             C.A. NO. 11-268-M-DLM

RBS CITIZENS, N.A., d/b/a CITIZENS
BANK,

       Defendant.

## CONFIDENTIALITY ORDER

**WHEREAS,** Plaintiffs Dennis Cook and Robert Haberman and Defendant RBS Citizens, N.A. d/b/a Citizens Bank (collectively, the "Parties") may engage in discovery as permitted by the Federal Rules of Civil Procedure and orders of this Court;

**WHEREAS,** certain documents and information requested and/or subject to disclosure in this action may constitute the confidential or proprietary information of the producing parties;

**WHEREAS,** the Parties agree that the disclosure of confidential or proprietary information in the course of this action should not take place in the absence of a protective order appropriately limiting the use and dissemination of such confidential or proprietary information;

**WHEREAS,** the Parties believe that it would serve their interests to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**WHEREAS,** the Parties have moved this Court for the entry of a Confidentiality Order; and

**WHEREAS,** good cause has been shown for the entry of this Order.

**NOW, THEREFORE, THIS COURT,** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **ORDERS** the following:

1. Any of the Parties required to respond to any discovery request (a "Producing Party") may designate "Confidential" any documents, things, interrogatory answers, responses to requests for admissions, trial or deposition testimony, or other material that contains Confidential Information as set forth below. As used in this Order, the term "Confidential Information" means material or information which contains trade secret information, confidential business information, private personal information, or other information that qualifies for protection under Fed. R. Civ. P. 26(c) or applicable law, and the material is not otherwise in the public domain. Information so designated shall include all copies, excerpts, summaries, indices, or abstracts of such information, regardless of the manner disclosed, including designated information disclosed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, during a hearing or trial, in responses to requests for admissions or otherwise disclosed in connection with this action.

2. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof. To the extent the parties wish to use Confidential Information in any other civil, administrative, or criminal proceeding, the following conditions shall apply:

   a. Any party wishing to use Confidential Information in any other civil, administrative, or criminal proceeding shall give the Producing Party at least ten (10) calendar days advanced written notice of the proposed use of the Confidential Information. If the Producing Party does not move the

Court for an appropriate protective order within ten calendar (10) days of receiving said written notice, the Producing Party shall be deemed to have consented to the proposed use.

b. If a party wishes to use Confidential Information in any other civil, administrative, or criminal proceeding without giving the ten (10) calendar days advanced written notice required by the forgoing paragraph, and the Producing Party has not given written consent, the party so desiring to use the Confidential Information must seek leave from the Court to do so.

3. Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the Producing Party or further Order of the Court, be disclosed by the party receiving such Confidential Information (a "Receiving Party"), except that such information may be disclosed to:

(a) the Receiving Party's attorneys (including both in-house and outside counsel);

(b) persons regularly employed or associated with the Receiving Party's attorneys whose assistance is required by these attorneys in the preparation for trial, at trial, or at other proceedings in these cases;

(c) the parties to this action;

(d) any putative class member, provided each putative class member may only receive such information that relates specifically to the class member;

(e) expert witnesses and consultants and their staff retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in these cases;

(f) the Court and its employees ("Court Personnel");

3

(g) stenographic reporters or court reporters who are engaged in proceedings necessarily incident to the conduct of these actions;

(h) deponents, including other parties to this action, witnesses, or potential witnesses and their counsel;

(i) any arbitrators or mediators engaged to arbitrate or mediate these actions;

(j) copying or imaging services associated with or retained by a party in connection with this action;

(k) litigation support vendors who are not employees of any party and who are expressly retained to assist counsel for the parties in this Action and the employees of such persons; and (l) other persons by written agreement of the parties.

4. Prior to disclosing any Confidential Information to any person listed above in categories 3(e), (i), (j) and (k), counsel shall provide such person with a copy of this Order and obtain from such person a written acknowledgment in the form attached as Exhibit A, stating that he or she has read this Confidentiality Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated.

5. Items may be designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following: "CONFIDENTIAL."

6. Unless otherwise agreed upon, the parties shall maintain the entire deposition transcript and all information contained therein as Confidential Information for thirty (30) days following receipt of a copy of the transcript. During that thirty (30) day period, if any party desires to maintain confidentiality, it must designate, in writing, those portions of the transcript

regarded as Confidential, and only those portions will thereafter be considered as Confidential Information in accordance with the provisions of this Order.

7. Any party may object to the designation of particular Confidential Information by giving written notice to the Producing Party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Producing Party to file an appropriate motion, within the next five (5) business days, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential, under the terms of this Order, until the Court rules on the motion. If the Producing Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

8. In the event of an inadvertent disclosure of an item protected by the attorney-client or work-product privilege, the Producing Party must, upon discovery, promptly notify the Producing Party. If a Producing Party inadvertently discloses a privileged item and notifies the Receiving Party, the item is considered presumptively privileged, subject to review by this Court, and the Receiving Party must return the item to the Producing Party. Should the parties disagree whether the item in question is privileged, then the Producing Party bears the burden of moving in Court to uphold the privilege. The Producing Party must make such a motion within twenty (20) calendar days after the parties reach impasse regarding the information in question. The

inadvertent disclosure of any documents or information protected by any privilege or immunity is not and will not be construed as a general or specific waiver of any such privilege or immunity.

9. In the event that Confidential documents are subpoenaed by a federal or state law enforcement agency, the party subpoenaed shall notify the Producing Party forthwith, and the Producing Party may elect to move to quash the subpoena.

10. To the extent the parties wish to file Confidential Information in this Court in connection with any motion or other filing, they shall seek file the Confidential Information under seal in accordance with LR General 102(b). If the Court declines to allow the filing of the designated Confidential Information under seal, the party seeking to file it may, notwithstanding the confidentiality designation, publicly file it in the normal course in accordance with applicable rules.

11. Any Confidential Information or documents containing Confidential Information shall be destroyed and counsel for any Receiving Party shall confirm the destruction of the Confidential documents and information in writing to the Producing Party within a reasonable time after conclusion of this action and any appeal thereof. Notwithstanding the above, counsel for all parties may maintain in its files copies of each pleading and litigation document filed with the Court, and each written discovery request and written response thereto. Further, nothing in this paragraph shall require any party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information, and nothing in this paragraph shall require any party to search for and destroy any electronic mail that contains or reflects Confidential Information, including as attachments, provided that the party has taken precautions to protect the confidentiality and security of its electronic mail system As far as the provisions

of this or any other Protective Orders entered in this action restrict the use of Confidential Information, such Protective Orders shall continue to be binding after the conclusion of this action.

 12. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

  a. was, is, or becomes public knowledge in a manner other than by violation of this Order;

  b. is acquired by the Receiving Party from a third party having the right to disclose such information or material;

  c. was lawfully possessed by the Receiving Party prior to the entry of this Order by the Court (except documents previously designated "Confidential");

  d. independently developed by the Receiving Party; or

  e. is publicly filed with the Court by the Producing Party in the pleadings or otherwise, unless the designating party has filed such information or materials under seal pursuant to the procedures provided herein.

 13. This Order may be modified by the Court at any time, on its own initiative or upon motion by any party, for good cause shown following notice to all parties and an opportunity for them to be heard.

 DATED this ____ day of July, 2012.

        So Ordered:

        _____
        Clerk

ENTER:

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr., District Judge

7/9/12

Presented by:

/s/ Robert G. Flanders, Jr.
Robert G. Flanders, Jr. (# 1785)

/s/ Mitchell R. Edwards
Mitchell R. Edwards (# 6942)

/s/ Adam M. Ramos
Adam M. Ramos (# 7591)

Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
Telephone: (401) 274-2000
Facsimile: (401) 277-9600
Email: rflanders@haslaw.com
medwards@haslaw.com
aramos@haslaw.com


/s/ Chip Muller
Chip Muller (# 7686)
155 South Main Street, Suite 101
Providence, RI 02903
Telephone: (401) 256-5171
Facsimile: (401) 256-5178
Email: chip@chipmuller.com

Kai H. Richter
*(pro hac vice)*
E. Michelle Drake
*(pro hac vice)*
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Tel.: 612.256.3200
Fax: 612.215.6870
Email: krichter@nka.com
drake@nka.com

DATED: July __, 2012

9

## CERTIFICATE OF SERVICE

To:

Chip Muller, Esq.  
155 South Main Street, Suite 101  
Providence, RI 02903

Kai Richter, Esq.  
E. Michelle Drake, Esq.  
Nichols Kaster, PLLP  
4600 IDS Center  
80 South Eighth Street  
Minneapolis, MN 55402

    I hereby certify that on July __, 2012, a copy of the foregoing Confidentiality Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                   /s/Adam M. Ramos

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

DENNIS COOK AND ROBERT
HABERMAN, individually and as :
representatives of the classes, :
:
                Plaintiffs, :
:
v.                                                :     C.A. NO. 11-268-M-DLM
:
RBS CITIZENS, N.A., d/b/a CITIZENS :
BANK, :
:
                Defendant. :

I, the undersigned, do depose and state as follows:

1.       My address is _____. My current employer is _____. My current occupation is _____.

2.       I have received a copy of the Confidentiality Order in the above-captioned action, and I have carefully read and understand its provisions. I will comply with all the provisions of the Confidentiality Order. I will hold any information designated "CONFIDENTIAL" in confidence and I will not disclose such information to anyone not qualified under the Confidentiality Order.

3.       Promptly upon termination of this action, I will return all "CONFIDENTIAL" documents and information to counsel for the party by whom I am employed or retained.

4.       I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Confidentiality Order in this action.

12

Signed under the pains and penalties of perjury, this ___ day of _____, 20__.

_____  _____
Signature                                                      Printed Name